UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRY ALEXANDER,

        Petitioner,

   v.

RANDY GROUNDS, Warden,

        Respondent.
                                         /

No. C 14-1928 EDL (PR)

**ORDER OF DISMISSAL**

Petitioner, a state prisoner, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On August 8, 2014, the court dismissed petitioner's petition with leave to amend, reminding petitioner that a court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Petitioner not filed an amended petition as directed, but instead has filed ten motions.  For the reasons stated below, the court DISMISSES this action for failure to state a cognizable habeas claim.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner . . . [and] state the facts supporting each ground."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C.

foll. § 2254.

**B.     Legal Claims**

Petitioner is currently a state prisoner incarcerated at Salinas Valley State Prison. According to the petition, petitioner was convicted in 2011 of receiving stolen property and related offenses in Los Angeles County.  Petitioner asserts that he has served half of his sentence and is eligible for medical parole, pursuant to California Penal Code § 3550.[1] Petitioner is seeking be to released on medical parole from the court.

First, although directed to do so, petitioner has failed to make clear how he is in custody in violation of the Constitution or federal law.  Petitioner does not allege that he requested and was denied a medical parole board hearing, nor that he was found ineligible for medical parole, nor that he was not provided due process protections in conjunction with any medical parole hearing.  In fact, even after being directed to do so, petitioner does not claim any violation of the Constitution or federal law.  *See Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (per curiam) (reaffirming that "a federal court may issue a writ of habeas corpus . . . only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States.") (internal quotation marks omitted).  Thus, the court must dismiss this action.

Second, although petitioner was advised that if he wished to challenge the fact or length of his confinement, he must first exhaust state judicial remedies, it does not appear that petitioner has done so.  Petitioner initiated this action on April 25, 2014.  Around that same time, petitioner had also filed a federal habeas petition in the Central District of

---

[1] This statute provides in part: "Notwithstanding any other provision of law, except as provided in subdivision (b), any prisoner who the head physician of the institution where the prisoner is located determines, as provided in this section, is permanently medically incapacitated with a medical condition that renders him or her permanently unable to perform activities of basic daily living, and results in the prisoner requiring 24-hour care, and that incapacitation did not exist at the time of sentencing, shall be granted medical parole if the Board of Parole Hearings determines that the conditions under which the prisoner would be released would not reasonably pose a threat to public safety."

2

California similarly asking for release on medical parole.  *See Alexander v. Grounds*, No. 14-3071 SVW (E), 2014 WL 2557675 (C.D. Cal. filed on April 21, 2014).[2]  The Central District of California rejected petitioner's petition for failure to exhaust.  *Id.* at *1.  It noted that petitioner's petition included a copy of a Superior Court minute order, dated April 9, 2014, requesting electronic monitoring, and a form entitled "Reasonable Modification or Accommodation Request," dated April 16, 2014, in which petitioner requested prison officials to provide medical parole with electronic monitoring.  Thus, it does not appear that petitioner had exhausted his state court remedies prior to filing his petitions in both the Central District of California and this court.  Moreover, petitioner indicated in his underlying petition that he has not filed any state habeas petition regarding his underlying claim.  Accordingly, this action is unexhausted and must be dismissed.

Finally, to the extent petitioner is trying to raise a claim of deliberate indifference to a serious medical need, that claim must be raised in a federal civil rights complaint.  While a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as pleading civil rights claims under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), it is not appropriate to do so in this case.  The habeas petition does not include the information necessary to state a civil rights violation.  Additionally, it was not accompanied by the correct filing fee for a civil rights case.  Accordingly, petitioner may file a new action by filing a civil rights complaint on the attached civil rights complaint form and stating his claims for relief.

## CONCLUSION

1. The petition is **DISMISSED** for the reasons set out above.

2. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)

---

[2] The court takes judicial notice of the records in *Alexander v. Grounds*, No. 14-3071 SVW (E), 2014 WL 2557675 (C.D. Cal. filed on April 21, 2014).  *See Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

3

1 | (standard for COA). The clerk shall terminate all pending motions and close the file.

2 | **IT IS SO ORDERED.**

3 | Dated: October 22, 2014.

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

P:\PRO-SE\EDL\HC.14\Alexander926dis.wpd